IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEAN VOLKES, | Civil No. 3:21-cv-58 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN ERIC BRADLEY, | |
| Respondent | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Petitioner Dean Volkes ("Volkes"), a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Prison Camp, Canaan ("FPC-Canaan"). Volkes seeks review of the BOP's decision to deny his referral to home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. (*Id.*). In addition, Volkes moves for class certification and appointment of class counsel. (Doc. 4).

The petition is ripe for disposition and, for the reasons that follow, will be dismissed.

## I. Background

### A. Use of Home Confinement by the BOP

The BOP has exclusive discretion to "designate the place of [a] prisoner's imprisonment." 18 U.S.C. § 3621(a). Pursuant to this authority, the BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of

that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The BOP "shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." *Id.*

On March 26, 2020, the Attorney General issued a Memorandum encouraging the BOP to prioritize home confinement, as appropriate, in response to the COVID-19 pandemic. *See Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic*, https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf (last accessed July 23, 2021). To determine whether home confinement should be authorized, the Attorney General directed the BOP to consider "the totality of circumstances for each individual inmate, the statutory requirements for home confinement, and the following non-exhaustive list of discretionary factors:" (1) the age and vulnerability of the inmate to COVID-19, in accordance with Centers for Disease Control and Prevention ("CDC") guidelines: (2) the security level of the facility currently holding the inmate; (3) the inmate's conduct in prison; (4) the inmate's score under the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN"); (5) whether the inmate "has a demonstrated and verifiable re-entry plan that will prevent recidivism and maximize public safety"; and (6) the inmate's crime of conviction and "assessment of the danger posed by the inmate to the community." *Id.*

On March 27, 2020, the CARES Act was implemented, authorizing the Attorney General and the BOP to "lengthen the maximum amount of time for which the Director is

authorized to place a prisoner in home confinement" due to the COVID-19 pandemic. CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020). On April 3, 2020, the Attorney General issued a Memorandum authorizing the Director of the BOP to maximize the use of home confinement for appropriate inmates held at facilities where the Director determines COVID-19 has materially affected operations. *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19*, https://www.justice.gov/file/1266661/download (last accessed July 23, 2021). This Memorandum increased the number of inmates to be assessed for home confinement and directed that the BOP prioritize the most vulnerable inmates at the most affected facilities. *Id.* The Memorandum stressed that the BOP should "continue making the careful, individualized determinations BOP makes in the typical case" to remain faithful to its duty to protect the public. *Id.* As of July 23, 2021, the BOP has 7,293 inmates on home confinement, with a total number of 28,756 inmates being placed on home confinement from March 26, 2020 to the present. *COVID-19 Home Confinement Information*, https://www.bop.gov/coronavirus (last accessed July 23, 2021).

    **B.**    **Facts Regarding Volkes**

Volkes is serving a 60-month term of imprisonment for wire fraud, mail fraud, theft of government property, aiding and abetting, conspiracy to launder money, conspiracy to obstruct justice, obstruction of justice, and false statements, imposed by the United States District Court for the Eastern District of Pennsylvania. (Doc. 7-2, p. 3, Declaration of

Matthew Lavelle ("Lavelle Decl."), ¶ 4; Doc. 7-2, p. 7; *see also* Doc. 1, p. 1; Doc. 2, p. 25). His projected release date is December 12, 2023, *via* good conduct time. (Doc. 7-2, p. 3, Lavelle Decl. ¶ 4; Doc. 7-2, pp. 7-9).

On June 19, 2020, the BOP reviewed Volkes for home confinement under the five factors pursuant to 18 U.S.C. § 3621(b), 18 U.S.C. § 3624(c)(2), the CARES Act, and Memoranda from the Attorney General to the Director of the BOP, dated March 26, 2020 and April 3, 2020. (Doc. 7-2, p. 4, Lavelle Decl. ¶¶ 6, 7). The BOP determined that Volkes is not an appropriate candidate for home confinement because, at that time, he had not served 50% of his federal sentence, he has no COVID-19 risk factors, and there were no COVID-19 positive inmates at FPC-Canaan. (*Id.* at ¶ 7; *see also* Doc. 7-2, p. 11).

## II.   Discussion

Volkes challenges the denial of his pre-release placement *via* 28 U.S.C. § 2241. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

### A.   Exhaustion of Administrative Remedies

Respondent argues, *inter alia*, that the petition should be dismissed based on Volkes' failure to exhaust his administrative remedies prior to seeking review in federal court. (Doc. 7, pp. 3-5). Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative

remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). However, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (2005). The system first requires that an inmate present their complaint to staff before filing a request for Administrative Remedy, which staff shall attempt to informally resolve. (Doc. 7, pp. 4-5, n. 2, citing 28 C.F.R. § 542.13(a)). If informal resolution is unsuccessful, an inmate may file a

formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date on which was the basis of complaint occurred. (*Id.*, citing 28 C.F.R. § 542.14). If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. (*Id.*, citing 28 C.F.R. § 542.15(a)). The Regional Director has thirty calendar days to respond. (*Id.*, citing 28 C.F.R. § 542.18). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at the Central Office within thirty calendar days from the date of the Regional Director's response. (*Id.*, citing 28 C.F.R. § 542.15(a)).

The record establishes that Volkes has not filed any administrative remedies during his incarceration with the BOP. (Doc. 7-2, p. 3, Lavelle Decl. ¶ 5; Doc. 7-2, p. 10, Administrative Remedy Generalized Retrieval). Volkes does not dispute this failure to exhaust. (*See* Doc. 1, p. 2). Instead, he asks this Court to excuse his failure to exhaust based on futility, irreparable harm, and his belief that exhaustion is not required. (Doc. 2, pp. 14-15; Doc. 9, pp. 2-7; Doc. 11, pp. 2-6). However, courts within the Third Circuit have consistently recognized that a petitioner challenging the fact, duration, or execution of his sentence—including a request for release to home confinement—must first demonstrate that he has fully exhausted his available administrative remedies. *See, e.g., Gottstein v. Finley*, 2020 WL 3078028, at *3-4 (M.D. Pa. June 10, 2020) (dismissing without prejudice for his failure to exhaust his administrative remedies petitioner's habeas petition requesting immediate release to home confinement under the CARES Act); *Cordaro v. Finley*, 2020

WL 2084960, at *5 (M.D. Pa. Apr. 3, 2020) (dismissing without prejudice petitioner's habeas petition for his failure to exhaust his administrative remedies after his request for home confinement under the CARES Act was denied by respondent); *Chaparro v. Ortiz*, 2020 WL 4251479, at *5 (D.N.J. July 24, 2020) (dismissing for failure to exhaust administrative remedies habeas petition requesting release to home confinement under the CARES Act); *Furando v. Ortiz*, 2020 WL 1922357 (D.N.J. Apr. 21, 2020) (dismissing without prejudice habeas petition seeking immediate release to home confinement under the CARES Act due to his failure to exhaust his BOP administrative remedies). It is quite clear that Volkes did not even attempt to exhaust the available administrative remedies, and, thus, failed to "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." *Spruill v. Gillis*, 372 F.3d 218, 228 (3d Cir. 2004). A single rejection of an initial grievance, and any delays in processing an appeal, do not render the administrative review process unavailable or futile. Volkes fails to identify BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not advanced a plausible argument that would permit this Court to find that exhaustion of his administrative remedies would subject him to irreparable injury. Consequently, the petition will be dismissed for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Volkes to invoke the judicial process despite failing to complete administrative review.

### B.   The CARES Act and Judicial Review of Home Confinement Denial[1]

Even if Volkes had exhausted his administrative remedies, the habeas petition would nevertheless be subject to dismissal because the Court has no authority under the CARES Act to grant Volkes' request for home confinement. "[T]he CARES Act provides the discretion for determining early home confinement release solely to the BOP." *United States v. Mathews*, No. 2:86-cr-197, 2020 WL 6781946, at *2 (E.D. Pa. Nov. 18, 2020); *see also Adams v. Trate*, No. 1:20-cv-237, 2020 WL 7337806, at *2 (W.D. Pa. Dec. 14, 2020) (collecting cases); *United States v. Robinson*, No. 4:07-cr-389-10, 2020 WL 5793002, at *5 n.2 (M.D. Pa. Sept. 28, 2020) (noting that "the Court does not have the authority to grant [a request for home confinement] in that the determination of an inmate's place of incarceration is committed to the discretion of the BOP director"). Memoranda from the Attorney General to the Director of the BOP, dated March 26, 2020 and April 3, 2020, set out the factors to guide the BOP's determination regarding requests for home confinement.

The plain text of the CARES Act grants additional discretion to the Attorney General and the BOP; it does not require the BOP to release all at-risk, non-violent inmates on home confinement. Because "Congress has not identified any further circumstance in which the Bureau either must grant" home confinement "or is forbidden to do so . . . all [the Court]

---

[1]   This Court has no authority to consider a request for compassionate release in a § 2241 petition. *See United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires [compassionate release] motions to be addressed to the sentencing court. . . ."); *see also Alexis v. Ortiz*, No. 19-1085, 2019 WL 2367034, at *2 (D.N.J. June 5, 2019). Volkes must seek such relief from his sentencing court. *Id.* It does not appear that Volkes has filed a motion for compassionate release with his sentencing court. *See United States v. Volkes*, No. 2:14-cr-574 (E.D. Pa.).

must decide is whether the Bureau, the agency empowered to administer" the home confinement program, "has filled the statutory gap 'in a way that is reasonable.'" *Lopez v. Davis*, 531 U.S. 230, 242 (2001) (quoting *NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 257 (1995)).

The record confirms that Volkes was individually and comprehensively reviewed for home confinement under the five factors pursuant to 18 U.S.C. § 3621(b), 18 U.S.C. § 3624(c)(2), the CARES Act, and Memoranda from the Attorney General to the Director of the BOP, dated March 26, 2020 and April 3, 2020. (Doc. 7-2, p. 4, Lavelle Decl. ¶¶ 6, 7). On June 19, 2020, Volkes was denied at the institutional level because, at the time of the review, he had not served 50% of his statutory term, he has no COVID-19 risk factors, and there were no COVID-19 positive inmates at FPC-Canaan. (*Id.* at ¶ 7; *see also* Doc. 7-2, p. 11). The record also reflects that Volkes has a Minimum security Classification and a Minimum recidivism risk Pattern score. (Doc. 7-2, p. 5). Consistent with the Attorney General's Memoranda, Volkes is not a priority candidate for home confinement. Thus, Volkes cannot demonstrate that the BOP's interpretation of the CARES Act is unreasonable as applied to him. Therefore, the Court cannot grant Volkes' request to be released on home confinement.

### III.  Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed without prejudice. Because the Court is dismissing the habeas

petition, the Court declines to consider Volkes' request for class certification and appointment of class counsel.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: July 26, 2021